IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD BERRY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-06-0006 |
| PLC, INC. d/b/a Stingray Boat Company, *et al*. | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This matter arises out of a complaint filed by Plaintiffs Edward Berry and Norma Jean Berry ("Plaintiffs") against Defendants PLC, Inc. d/b/a Stingray Boat Company and All Star Marine, Inc. ("Defendants"). The Complaint was initially filed in the Circuit Court for Baltimore County, Maryland, and seeks recovery for allegedly uncorrected defects in a boat that was manufactured and sold by Defendants. After Defendants removed the case to this Court, Plaintiffs filed an Amended Complaint that deleted the only federal cause of action contained in their initial complaint. Currently pending before this Court is Plaintiffs' Motion for Remand, which requests that this Court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action and remand this matter to the Circuit Court for Baltimore County. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Plaintiffs' Motion for Remand is GRANTED.

BACKGROUND

On November 16, 2005, Plaintiffs filed a six-count Complaint against Defendants in the Circuit Court for Baltimore County, Maryland. Count I asserted a claim based on the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*,[1] while Counts II-VI asserted various claims based on Maryland state law. On January 3, 2006, Defendants filed a Notice of Removal asserting, as the sole basis for this Court's jurisdiction, the existence of a federal question pursuant to 28 U.S.C. § 1331.[2] (*See* Not. of Removal ¶ 5.) On January 5, 2006, Plaintiffs filed an Amended Complaint removing their Magnuson-Moss Warranty Act claim and also filed a Motion for Remand. On January 23, 2006, Defendant PLC, Inc. d/b/a Stingray Boat Company filed its response to Plaintiffs' Motion for Remand. Defendant All Star Marine, Inc. has not responded to Plaintiffs' Motion for Remand.

STANDARD OF REVIEW

It is well-settled that the burden of establishing federal jurisdiction rests with the party seeking removal. *See*, *e.g., Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004) (en banc) (quoting Mulcahey, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary."

---

[1] Plaintiffs' claim under the Magnuson-Moss Warranty Act was, on its face, properly before this Court. The amount in controversy alleged by Plaintiffs is $66,005.51. (*See* Compl. ¶¶ 6 & 25.) This amount exceeds the $50,000 minimum amount in controversy required for federal jurisdiction pursuant to 15 U.S.C. § 2310(d)(3).

[2] There is no basis for this Court to retain jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction). Plaintiffs are residents of the State of Maryland. (*See* Am. Compl. ¶ 1). Defendant All Star Marine, Inc. has its principal place of business in the State of Maryland. (*See* Am. Answer ¶ 3.) Finally, the amount in controversy alleged by Plaintiffs is only $66,005.51. As a result, there is neither complete diversity of citizenship nor a sufficient amount in controversy to satisfy the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

*Mulcahey*, 29 F.3d at 151 (citations omitted).  This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

## DISCUSSION

Without the Magnuson-Moss Warranty Act claim, Plaintiff's Amended Complaint asserts only state law causes of action.  As a result, this Court has discretion to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and remand this case to the Circuit Court for Baltimore County.  *See* 28 U.S.C. § 1367(c).[3]  In exercising that discretion, this Court should weigh the factors of judicial economy, convenience, fairness, and comity.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  In this particular case, the Court should also consider whether Plaintiffs have attempted to manipulate the forum by amending their complaint to remove any reference to federal statutes.  *Cohill*, 484 U.S. at 357.

Defendants present three arguments in support of their contention that remand is improper in this case.  First, Defendants rely on *Brown v. Eastern States Corp.*, 181 F.2d 26 (4th Cir. 1950) for the proposition that "[t]he original complaint unquestionably asserted that rights of plaintiff under federal statutes had been invaded; and this was sufficient to vest jurisdiction in the federal courts."[4]  (*See* Opp. to Mot. to Rem. p. 3 (quoting *Brown*, 181 F.2d at 28).)  Second,

---

[3] (*See also* Opp. to Mot. to Rem. p. 3 (acknowledging this Court's "discretion on whether to remand or exercise its jurisdiction over the remaining state-law claims in this case").)

[4] *Brown* found that the 1950 revisions to 28 U.S.C. § 1447(c) "established the rule that the case is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed." *Brown*, 181 F.2d at 28-29.  This aspect of *Brown*, however, has been rejected in light of *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  *See Fleeman v. Toyota Motor Sales,U.S.A., Inc.*, 288 F.

Defendants argue that Plaintiffs' decision to delete their federal claim by amending their complaint amounts to improper forum manipulation.[5] (*See* Opp. to Mot. to Rem. p. 3). Defendants cite *Cohill* for the proposition that forum manipulation concerns are "legitimate and serious" and that this Court should consider Plaintiffs' behavior when determining whether to remand this case. (*Id*. (quoting *Cohill*, 484 U.S. at 356-57).) Finally, Defendants' argue that exercising supplemental jurisdiction in this case would be consistent with "'judicial economy, convenience, fairness and comity.'" (Opp. to Mot. to Rem. p. 4 (quoting *Cohill*, 484 U.S. at 351).)

      This Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The Court has considered Plaintiffs' decision to abandon their federal cause of action under the Magnuson-Moss Warranty Act. Although forum manipulation is a significant concern, that factor is outweighed in this case by the interests of judicial economy and comity. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *see also Kimsey v. Snap-On Tools Corp.*, 752 F. Supp. 693, 695 (W.D.N.C. 1990) ("While Plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, . . . such a reason '. . . does not diminish the right of these plaintiffs to set the tone of their case by alleging what they choose.'") (quoting *McGann v. Mungo*, 578 F. Supp. 1413,

---

Supp. 2d 726, 729 (S.D.W. Va. 2003); *Kimsey v. Snap-On Tools Corp.*, 752 F. Supp. 693, 694-95 (W.D.N.C. 1990); *McGann v. Mungo*, 578 F. Supp. 1413, 1416 (D.S.C. 1982).

     [5]    This Court notes that the Magnuson-Moss Warranty Act creates a independent state cause of action. *See* 15 U.S.C. § 2310(d). It is only if the amount in controversy exceeds $50,000 that a federal claim is stated under the Magnuson-Moss Warranty Act. *See* 15 U.S.C. § 2310(d)(3).

1415 (D.S.C. 1982)).[6]  In addition, this litigation is in its early stages and there is no indication that it would be inconvenient to resolve this matter in state court. *Cf. Cohill*, 484 U.S. at 350 n. 7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Remand is GRANTED.  Accordingly, all further proceedings are REMANDED to the Circuit Court for Baltimore County, Maryland.  A separate Order follows.

Dated: April 20, 2006             /s/
                                  Richard D. Bennett
                                  United States District Judge

---

[6] In a footnote, Defendant PLC, Inc. d/b/a Stingray Boat Company requests that this Court "require Plaintiffs to reimburse Stingray for its costs and expenses incurred as a result of the removal and remand of this action." (Opp. to Mot. to Rem. p. 5 n.3. (citing 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").) The Supreme Court has recently established, however, that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, ___ U.S. ___, ___,126 S. Ct. 704, 711 (2005); *see also* 28 U.S.C. § 1447(c), David Siegel, Commentary on 1988 Revision of Section 1447 (1994) ("To the 'costs' that the old statute allowed the court to direct in conjunction with a remand, the amendment of subdivision (c) now authorizes the court to add 'actual expenses, including attorney fees', should it find that it was improper for the defendant to remove the case."). Accordingly, Defendant PLC, Inc. d/b/a Stingray Boat Company's request for costs and expenses is DENIED.